```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-31-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SHAWN MOSES,
                 Petitioner,

                 **MEMORANDUM DECISION**

v.

                 08 CV 3839 (VB)

ROBERT ERCOLE, Superintendent, Green Haven
Correctional Facility,
                 Respondent.
-----------------------------------------------------------------x

Briccetti, J.:

       Now pending before the Court is Magistrate Judge George A. Yanthis's Report and Recommendation ("R&R"), dated April 25, 2011 (Doc. #14), on Shawn Moses's petition for a writ of habeas corpus. Judge Yanthis recommended the Court deny the petition. For the following reasons, the Court adopts the R&R in its entirety.

       A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Parties may raise objections to the recommended ruling "[w]ithin fourteen days after being served with a copy [of the recommended disposition]." Id. When a party submits a timely objection, the district court ordinarily reviews the parts of the report and recommendation to which the party objected de novo. Id.[1] However, if a petitioner merely reiterates the same arguments set forth in the original petition, a district court should review a report and recommendation for clear error. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). A report and recommendation is clearly erroneous when a district court is, "upon review

---

[1] De novo review means a district court judge may conduct an independent determination of a petition for habeas corpus without according deference to a magistrate judge's report and recommendation. Greene v. WCI Holdings Corp., 956 F. Supp. 509, 514 (S.D.N.Y. 1997).

Copies Mailed/Faxed 10/31/11
Chambers of Vincent L. Briccetti

of the entire record, [] left with the definite and firm conviction that a mistake has been committed." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

In conducting habeas corpus review, a federal court may only consider whether a person is in custody pursuant to a state court judgment in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to apply a deferential standard when conducting habeas corpus review of state court decisions. Renico v. Lett, —U.S.—, 130 S. Ct. 1855, 1862 (2010). A petitioner is entitled to habeas corpus relief if he can show the state court decision "was contrary to, or involved unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." U.S.C. § 2254(d)(1). A state-court decision is contrary to the Supreme Court's precedent "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [the opposite] result." Williams v. Taylor, 529 U.S. 362, 405 (2000).

The objections of parties appearing pro se are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." Milano v. Astrue, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008).

The Court presumes familiarity with the factual and procedural background of this case.

In his objections to Judge Yanthis's R&R, petitioner argues his constitutional rights were violated because the state trial court erroneously admitted as evidence against him several incriminating letters the government obtained from him in the absence of counsel after he was indicted. The letters consist of: (1) five letters petitioner wrote from jail before trial to a witness bribing the witness not to testify, three of which also threatened violence against the witness and

2

his family; and (2) a letter petitioner wrote from jail before trial to his fellow inmate confirming that bribe money would be provided to the witness.

Because petitioner's objections to the R&R simply repeat the arguments set forth in petitioner's original habeas petition, the Court reviews the R&R for clear error. The Court finds no clear error. The Court finds the R&R to be a correct application of the law and adopts it. Nonetheless, the Court will address each of petitioner's objections.

**I.     Five Letters Petitioner Wrote to Witness**

Petitioner asserts the state court contravened clearly established Supreme Court precedent in finding that petitioner's Sixth and Fourteenth Amendment rights were not violated by the trial court's decision to admit into evidence the five letters petitioner wrote to the witness. Petitioner argues the Supreme Court reached the opposite result in two cases that, according to petitioner, involved facts materially indistinguishable from the facts here.

In Massiah v. United States, the government installed a radio transmitter in the cooperating co-defendant's car to transmit a conversation between him and petitioner. 377 U.S. 201, 202-03 (1964). In Maine v. Moulton, the government placed a recording device on the cooperating co-defendant's telephone to record conversations between him and petitioner, and installed a body wire on the co-defendant to transmit an in-person conversation with petitioner. 474 U.S. 159, 163-66 (1985). In both cases, the Supreme Court found the government had deliberately elicited incriminating statements from the defendants after they had been indicted in the absence of their attorneys, in violation of their right to counsel under the Sixth Amendment. Therefore, the Supreme Court held the statements could not constitutionally be used as evidence against the defendants at trial. Massiah, 377 U.S. at 207; Maine, 474 U.S. at 180. However, in those cases, law enforcement authorities "knew [the defendant] would make statements that he

had a constitutional right not to make to their agent prior to consulting with counsel." Maine, 474 U.S. at 177; see Massiah, 377 U.S. at 205 (holding defendant's Sixth Amendment rights were violated when the government secretly interrogated the defendant after he was indicted in the absence of his counsel).

The Court distinguishes the five letters petitioner wrote to the witness from the incriminating statements made by defendants in Masiah and Maine. Here, unlike in those cases, virtually no evidence in the record suggests the government deliberately elicited petitioner to write the five letters to the witness or knew that he would do so. Law enforcement did not suggest or encourage petitioner to write or send bribes or threats to the witness. Law enforcement only directed a cooperating inmate to write petitioner a letter inquiring how bribe money would be provided to the witness. The mere fact that petitioner wrote five letters to the witness at some date after he received the letter from the cooperating inmate does not firmly establish petitioner's claim that the government elicited those letters.

The Supreme Court has indicated a "'reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts.'" Hawkins v. Costello, 460 F.3d 238, 244 (2d Cir. 2006) (quoting Crane v. Kentucky, 476 U.S. 683, 689 (1986)). Under New York law, evidence that a defendant bribed or threatened a witness is probative of evidence of consciousness of guilt. See Jackson v. Lee, 2010 U.S. Dist. LEXIS 121055, at *111 (S.D.N.Y. Nov 16, 2010) (threats to a witness); Roman v. Napoli, 2010 U.S. Dist. LEXIS 127645, at *13 (W.D.N.Y. Dec. 2, 2010) (bribing a witness). The Court therefore defers to the state court's evidentiary ruling that the five letters to the witness were admissible as evidence. People v. Moses, 35 A.D.3d 766 (N.Y. App. Div. 2006).

4

Accordingly, the Court rejects petitioner's argument that the trial court acted "contrary to, or involved an unreasonable application of, clearly established Federal Law" in determining that his constitutional rights were not violated. The Court sees no clear error by either Magistrate Judge Yanthis or the state court in reaching this conclusion. The Court would reach the same conclusion applying a de novo standard of review.

## II.   Letter Petitioner Wrote to Inmate

Petitioner also challenges the magistrate judge's conclusion that his Fourteenth Amendment rights were not violated by the trial court's decision to admit into evidence the response letter petitioner wrote to his fellow inmate confirming bribe money would be provided to the witness. The state court held, and Magistrate Judge Yanthis agreed, that even assuming the "letter written by defendant to his fellow inmate was obtained in violation of his right to counsel and should not have been admitted into evidence at the trial," petitioner was not denied a fair trial because "the error was harmless in light of the overwhelming evidence of the defendant's guilt." People v. Moses, 35 A.D.3d at 766.

A trial court's erroneous admission of prejudicial evidence does not automatically rise to the level of a due process violation. Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998). Only if the evidence is "so extremely unfair that its admission violates fundamental conceptions of justice" does an erroneous evidentiary ruling violate due process. Dowling v. United States, 493 U.S. 342, 352 (1990) (internal quotation marks omitted). The standard for determining whether habeas relief should be granted because of a due process violation is whether the error "'had substantial and injurious effect or influence in determining the jury's verdict.'" Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776

5

(1946)). The Court should consider the importance of the wrongly admitted evidence and the overall strength of the prosecution's case. Wray v. Johnson, 202 F.3d 515, 526 (2d Cir. 2000).

The state court found that even assuming the letter was erroneously admitted, there was still "overwhelming evidence of the defendant's guilt." Moses, 35 A.D. 3d at 766. As Judge Yanthis noted in the R&R, eyewitness testimony and petitioner's own properly admitted statements supported his guilt beyond a reasonable doubt. In addition, the state court found that the "impact of the letter was merely cumulative" and, therefore, it was highly unlikely that the letter had an injurious influence on the jury's verdict. Moses, 35 A.D. 3d at 766. See also Wray, 202 F.3d at 526 (where the improperly admitted evidence is cumulative, there is a smaller likelihood that the error substantially affected the jury's verdict).

Moreover, "[t]he erroneous admission of evidence rises to a deprivation of due process under the Fourteenth Amendment only if the evidence in question was sufficiently material to provide the basis for conviction." Johnson v. Ross, 955 F.2d 178, 181 (2d Cir. 1992) (internal quotation marks omitted). Petitioner argues that all six letters he wrote, together, provided the basis for his conviction, not that the letter to the cooperating inmate alone did so. Because the Court finds the five letters petitioner wrote to the witness were properly admitted as evidence, petitioner's assertion that he was denied a fair trial fails.

The Court finds Judge Yanthis's denial of petitioner's claim not clearly erroneous, and the Court would reach the same result even under a de novo standard of review.

## CONCLUSION

Upon the appropriate review of the record, the Court finds Judge Yanthis's R&R to be a clear and proper statement and application of the law, and not clearly erroneous. The Court therefore adopts the R&R as its decision, and the petition is denied and dismissed.

6

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005); Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).

The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this ruling would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 445 (1962).

The Clerk of the Court is instructed to close this case.

Dated: October 31, 2011
White Plains, NY

SO ORDERED

*[signature]*

Vincent L. Briccetti
United States District Judge